FILED
FRANKLIN CO CLERK
2008 MAY 30 A 11:40
MICHAEL J. KILLIAN
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF FRANKLIN

| | |
|---|---|
| JAMES S. GORDON, JR., JAMES S. GORDON, JR'S INTERNET ACCESS SERVICE / INTERACTIVE COMPUTER SERVICE, A SOLE PROPRIETORSHIP, Franklin County, Washington,<br>Plaintiffs,<br>vs.<br>FIRST PREMIER BANK, INC., AND JOHN DOES 1-10,<br>Defendants | Case No.: 08 2 50543 2<br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED |

TO: CLERK OF COURT

AND TO: COUNSEL FOR DEFENDANTS

COMES NOW, PLAINTIFFS, JAMES S. GORDON, JR. AND JAMES S. GORDON, JR'S INTERNET ACCESS SERVICE / INTERACTIVE COMPUTER SERVICE, A SOLE PROPRIETORSHIP AND BRING THIS COMPLAINT AGAINST DEFENDANT(S) NAMED HEREIN. PLAINTIFFS ALLEGE THE FOLLOWING ON INFORMATION AND BELIEF:

## INTRODUCTION

Defendant and/or defendant's agents have sent unwanted commercial email ads (spam) to plaintiffs for approximately four years. Plaintiffs (Gordon) have sent requests to defendants and/or defendant's agents to cease and desist. However, defendants and/or defendant's agents have ignored these prior communications.

## PROFESSIONAL PLAINTIFF

Gordon has filed lawsuits against illegal spammers since December 2003. He has been instrumental in networking with dozens of private anti-spam litigants throughout America. "Professional Plaintiff" should not be a pejorative term. The fact that a person is good at marshalling facts for use in litigation should not be held against that person. (*See Murray v. GMAC Mortgage Corp.* (7th Cir. 2006) 434 F.Supp.948 at *8 (opining that the term "professional plaintiff" implies experience if not expertise).) Both Congress and the Washington legislature intended that private entities would enforce the law. (*See, e.g.* RCW § 19.190.040(2).)

## PARTIES, JURISDICTION, VENUE

1. Plaintiffs James S. Gordon, Jr. and James S. Gordon, Jr.'s Internet Access Service / Interactive Computer Service, a sole proprietorship (hereinafter plaintiffs) are and were residents of Benton and Franklin Counties, Washington during the time of all acts complained of herein.

2. The Plaintiffs receive emails at their computer server for the following domains: anthonycentral.com, celiajay.com, chiefmusician.net, ehahome.com, jammtomm.com, jaycelia.com, jaykaysplace.com. Prior to February 21, 2008 domains, gordonworks.com,

itdidnotendright.com, and rcw19190020.com received defendants' spam, also (collectively the "Domains" and individually and generically a "Domain").

3. Plaintiff Gordon is an Interactive Computer Service as that term is defined in RCW 19.190.010(7).

4. Plaintiff Gordon is an Internet Access Service as that term is defined in 47 U.S.C. § 231(e)(4).

5. Defendant, First Premier Bank, Inc. is a South Dakota corporation with its principal place(s) of business in South Dakota.

6. The Defendant regularly transacts business within the State of Washington. As a result of the Defendant's transactions within the State of Washington, this Court has personal jurisdiction over the Defendant under RCW 4.28.185(l)(a).

7. From at least June 2005, Plaintiffs provided and enabled computer access for multiple users to a computer server that provides access to the Internet.

8. At all times material hereto, for the Domains and each of them, the information that all e-mail addresses at each Domain (the "Recipient Addresses") belong to Washington residents was and is available upon request from the registrant of each Domain, each registrant being a Washington resident and each Domain being registered with a Washington address.

9. During the time period of approximately June 2005 through present, Plaintiff Gordon received at the Domains, electronic-mail messages sent by or on behalf of Defendant (collectively the "E-mails" or individually and generically as an "Email").

10. The E-mails, and each of them, were received by Plaintiff Gordon, and/or others receiving email through Plaintiffs' Internet Access Service serving the Domains.

11. Each of the E-mails misrepresents or obscures information in each of the E-mails and each Email misrepresents or obscures information in identifying the point of origin or the transmission path thereof, and thereby violate the Washington CEMA (19.190 et seq.), and further each of these E-mails contains header information that is materially false or materially misleading, and thereby violate Federal Can-Spam Act of 2003, and/or Each of the E-mails contain false or misleading information in the subject line of the Email.

12. Defendant and/or defendant's agents initiated the transmission of the E-mails, and each of them. In the alternative, Defendant and/or defendant's agents each conspired or otherwise acted in collusion with another or others or assisted another or others to transmit the E-mails, and each of them.

13. Each of the emails intentionally misrepresents and/or obscures any and/or all information that could be used in identifying the point of origin or transmission path thereof, contains header information that is materially false or materially misleading, fails to include or contain a valid physical address in the body of the Email or contains multiple addresses none of which identify the sender clearly or conspicuously, domains entered into the Email intentionally use a falsely registered or cloaked domain, each domain and/or Email fails to accurately identify the actual sender in the "from" name line and/or "Return Path" and/or body; and/or was sent to and received at the Recipient Addresses subsequent to notice provided to Defendant and/or defendant's agents to cease and desist sending unsolicited, unwanted, unlawful, and harassing Emails.

14. At all times material hereto, Defendant and/or defendant's agents knew or had reason to know that the Recipients' Addresses, and each of them, were and are held by a Washington resident.

15. Plaintiffs did not "opt-in", or otherwise consent to receive commercial email from Defendant and/or defendant's agents.

### FIRST CAUSE OF ACTION – CEMA
### RCW 19.190.010 - .070

16. On the basis of facts set forth, hereinabove, Defendant initiated, conspired with another to initiate, or assisted the transmission of the Emails, and each of them, in violation of RCW 19.190.020 causing damage to Plaintiff as an Internet Access Service receiving each such Email in the amount of $1,000 for each such Email as provided in RCW 19.190.040(2). Plaintiff as an individual is entitled to statutory damages of $500 for each email sent to him, personally as provided in RCW 19.190.040(2).

### SECOND CAUSE OF ACTION – CONSUMER PROTECTION ACT
### RCW 19.86

17. On the basis of facts set forth, hereinabove, Defendants initiated, conspired with another to initiate, or assisted the transmission of the Emails, and each of them, in violation of RCW 19.190.030 and RCW 19.86, causing damage to Plaintiffs as an Internet Access Service receiving each such Email in the amount of $1,000 for each such Email, and to plaintiff, individually as provided in RCW 19.190.040(2).

### THIRD CAUSE OF ACTION – CAN-SPAM
### 15 U.S.C. 7701 ET SEQ

18. On the basis of facts set forth, hereinabove, Defendant initiated, conspired with another to initiate, or assisted the transmission of the Emails, and each of them, to a protected computer in violation of 15 U.S.C. 7704(a) causing damage to Plaintiffs as an Internet Access Service receiving each such Email, and entitling Plaintiff to statutory damages of $100.00 per each such Email as provided in 15 U.S.C. 7706 (g)(3).

19. Defendant did willfully and knowingly so act in violation of the provisions of 15 U.S.C. 7701 et seq.

20. The Plaintiffs fully expects that the Defendant, or the Defendant's agents acting on behalf of and at the direction of the Defendant, will continue to send commercial electronic mail messages to the Plaintiffs throughout the period that resolution of this complaint is pending, which will also violate at least one prohibition of RCW 19.190.020 (l)(a) or (b) and constitute a per se violation of RCW 19.86 under RCW 19.190.030 (l)(a) or (b).

**PRAYER FOR RELIEF**

21. Plaintiffs pray for relief as follows:

22. Entry of a judgment against Defendant in the amount of $1,600 per Email sent to Gordon, plus such other and further damages to be proven at trial, plus treble damages to the extent permitted by RCW 19.86 and to the extent permitted by U.S.C. 7706(g)(3)(C), plus pre-judgment and post-judgment interest at the highest rate permitted by law, plus the cost of the lawsuit and reasonable attorneys fees in the event Plaintiffs hire counsel – pursuant to the attorney fees provisions of RCW 19.86 and 15 U.S.C. 7706 (g)(4).

23. Entry of a permanent injunction against the Defendant prohibiting the Defendant from sending or causing to be sent electronic messages of any kind or nature to the Domains listed hereinabove.

24. Such other and further relief as the Court deems just and equitable in the premises.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 30th day of May, 2008

James S. Gordon, Jr.
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

1  CERTIFICATE OF SERVICE

2

3       I hereby certify that on June 24, 2008, I electronically filed the foregoing with

4  the Clerk of the Court, and I hereby certify that I have mailed by United States

5  Postal Service the document to:

6

7  James S. Gordon, Jr.
   9804 Buckingham Drive
8  Pasco, WA 99301
   (509) 210-1069
9

10

11  _____
    Derek A. Newman (26967)
12  Attorney for Defendant First Premier Bank, Inc.
    Newman Dichter LLP
13  505 Fifth Avenue South
    Suite 610
14  Seattle, WA 98104
    (206) 274-2800 (telephone)
15  (206) 274-2801

16

17

18

19

20

21

22

23

24

25

26

27

28