UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, et. al. | NO. CV-08-5035-LRS |
| Plaintiffs, | |
| -vs- | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| FIRST PREMIER BANK, INC. et. al., | |
| Defendants. | |

BEFORE THE COURT is Defendants' Motion to Dismiss, Ct. Rec. 5, filed August 13, 2008. The Court heard oral arguments on October 21, 2008 but stayed the case pending identical causes of action before the Ninth Circuit Court of Appeals. The Court having lifted the stay in this case on December 21, 2009 and having considered the written and oral arguments of counsel and pro se Plaintiff, Defendant First Premier Bank's "Third Status Report and Request for Dismissal" (Ct. Rec. 33) and the dispositive effect of the appellate decision in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir.2009)("*Virtumundo*"), the Court hereby enters this Order.

Importantly, the Ninth Circuit Court of Appeals in *Virtumundo* held: 1) Gordon lacks standing as a bona fide Internet access service

ORDER - 1

provider suffering appropriate adverse effects; and 2) CAN-SPAM Act[1] preempts Gordon's state law claims to the extent they allege more than fraudulent conduct.

This Court found in a similar case *(Gordon v. Commonwealth Marketing Group, Inc*., NO. CV-08-5074-LRS) that based on the Ninth Circuit's reasoning in *Virtumundo*, Gordon lacked standing for his CAN-SPAM Act claim. Gordon's state claims under the Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, were also found by this court to be preempted as Gordon has not adequately pleaded nor developed the record to allege fraud as part of his CEMA claim.

*Pro se* plaintiff Gordon has had a full and fair opportunity with the assistance of counsel to litigate issues in *Virtumundo*, which are identical to those presented in this lawsuit. Despite the extensive record in *Virtumundo* and a fair opportunity to make his arguments, Plaintiff has failed to convince this court or the Ninth Circuit that he is an internet access service with standing to bring a private action under CAN-SPAM. *Virtumundo*, 575 F.3d at 1048 ("We agree that Gordon lacks standing to bring a private action under the CAN-SPAM Act").

With respect to Plaintiff's CEMA and Consumer Protection Act ("CPA") claims, the Ninth Circuit Court of Appeals affirmed the Western District's dismissal of Plaintiff's claims:

> The CAN-SPAM Act established a national standard, but left the individual states free to extend traditional tort

---

[1]Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM Act").

ORDER - 2

> theories such as claims arising from fraud or deception to commercial e-mail communication . . .
>
> As stated by our district court, Gordon's claim is "for, at best, 'incomplete' or less than comprehensive information" regarding the sender. (Cite omitted.) Such technical allegations regarding the header information find no basis in traditional tort theories and therefore fall beyond the ambit of the exception languages in the CAN-SPAM Act's express preemption clause . . . .
>
> In sum, Gordon's alleged header deficiencies relate to, at most, nondeceptive statements or omissions and a heightened content or labeling requirement. Regardless of the merits of his arguments, assuming they are actionable under CEMA, such state law claims falter under the weight of federal preemption. Summary judgment was properly entered on Gordon's CEMA claims.

*Virtumundo*, 575 F.3d at 1063-64.

Plaintiff's claims in *Virtumundo* and this case are identical. Plaintiff's CPA claim is dependent on his pre-empted CEMA claim. Complaint, ¶ 17. The Ninth Circuit affirmed the district court's dismissal of Plaintiff's CEMA and CPA claims:

> Because his CEMA claims fail as a matter of law, his CPA claims, to the extent grounded in CEMA violations, are likewise inadequate and were properly dismissed.
>
> To the extent that Gordon also brings independent CPA claims, they too fail. Gordon has failed to identify an act or practice that "misleads or misrepresents something of material importance."

*Virtumundo*, 575 F.3d at 1065.

All of the above claims were identical to the claims Plaintiff Gordon alleges in this lawsuit, and all were rejected by the Western District and the Ninth Circuit.

 Accordingly, **IT IS ORDERED** that:

    1. Defendants' Motion to Dismiss, **Ct. Rec. 5**, is **GRANTED**. All claims against Defendants are dismissed with prejudice.

ORDER - 3

        a.   Plaintiff's First Cause of Action for violations of the Washington Commercial Electronic Marketing Act, RCW 19.190, et seq. claim fails because it is preempted by the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. §§ 7701 et seq., and because he failed to plead with particularity as required by FED. R. CIV. P. 9(b).

        b.   Plaintiff's Washington Consumer Protection Act, RCW 19.86, et seq., claim fails because it arises from his failed CEMA claim.

        c.   Plaintiff's CAN-SPAM claim fails because Plaintiff lacks standing and because he failed to plead with particularity as required by FED. R. CIV. P. 9(b).

    2.  Plaintiff's Motion for Partial Summary Judgement, **Ct. Rec. 30**, which Plaintiff filed on December 3, 2009, during the temporary stay, is **DENIED as MOOT** based on the dismissal of all claims against defendants as set forth above.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and judgment accordingly, provide copies to counsel, pro se Plaintiff and close this file.

    **DATED** this 21st day of December, 2009.

                                        *s/Lonny R. Suko*

                                        _____
                                            LONNY R. SUKO
                                     CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4